UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| Ceme-Tube LLC, | Civil Case No. 22-cv-703 |
|     Plaintiff, | |
| v. | **JOINT RULE 26(f) REPORT** <br> **AND DISCOVERY PLAN** |
| Chroma Color Corporation, | |
|     Defendant. | |

---

Plaintiff Ceme-Tube, Inc., through its counsel Kathleen M. Loucks of Lommen Abdo, P.A., and Defendant Chroma Color Corporation, through its counsel Paul C. Werkowski of Chapin & Associates, respectfully submit the following report and discovery plan. Counsel for the parties conferred about the matters set forth below on February 22, 2023.

### 1. Nature of the Case.

This case arises out of Plaintiff's purchase of color concentrate from Defendant Chroma Color Corporation for use in its plastics products manufacturing from 2008 to 2021. Specifically, ceme-tube, designed by Jim Bradac, is the only plastic forming tube available on the market. Ceme-Tubes are filled with cement and installed in a variety of settings including the bases of light poles and traffic bollards. Given that these products are used in an outdoor environment, it is important that they contain a high quality UVP protection. In 2008 Plaintiff began production of its products using third party molders using colorant from Defendant Chroma. It is Plaintiff's position that it paid for a Cadillac 10 year UVP protection but instead received little to no UVP protection in the colorant purchased from Defendant. From 2008 to 2021 Plaintiff purchased and applied Chroma's concentrates to its bollards and light pole bases. On information and belief Plaintiff has manufactured over 18,000 units containing Chroma's colorant. Plaintiff has

1

received significant complaints regarding the degradation of its products from a number of customers which led to further investigation and ultimate testing. Testing confirmed that Defendant Chroma had been providing levels of UVP which were insufficient to meet Plaintiff's needs or the UVP guarantee. Plaintiff contends that Defendant's failure to provide its promised 10 year UVP is negligent, a breach of implied warranty of merchantability, a breach of implied warranty of fitness for a particular purpose and a breach of express warranty which has led to significant damages to Plaintiff. Specifically, Plaintiff estimates its damages will exceed $4M.

Chroma Color Corporation denies any and all allegations of wrongdoing. Among other things, Chroma Color Corporation denies allegations that it was negligent in the design and manufacture of its colorant/additive, that it breached any implied warranty of merchantability, that it breached any implied warranty of fitness for a particular purpose, or that it breached any express warranty. Chroma Color Corporation asserts that the effectiveness of any colorant/additive is up to the person/entity who eventually adds the colorant/additive to the manufactured product. Furthermore, Chroma Color Corporation is currently unaware of any testing performed on the colorant/additive by the person/entity who manufactured the end product.

2.  **Possibility of Promptly Settling or Resolving the Case.**

While the parties do not know the likelihood of resolving the case, the parties do agree that early discussions may be beneficial. The parties will conduct such discussions informally.

3.  **Disclosures.**

By unanimous agreement, the parties stipulate out of the Rule 26(a)(1) disclosure requirements, opting instead that these disclosures be governed by discovery requests and the Court's Preliminary Pretrial Conference Order. The parties agree, however, to make initial

disclosures as outlined by Rule 26(a)(1)(A) within 30 days of the Rule 26(f) conference, and the parties understand that these initial disclosures will continue to be supplemented as needed.

4.      **Discovery.**

The parties believe the broad subjects of discovery will be the alleged misrepresentations, the cause of the color fading and/or degradation of the products, the fault of any party, the design and manufacture of the additives and concentrate, the design and manufacture of the bollard covers and light pole base covers, and any and all losses and damages incurred by the Plaintiff. The parties do not think that phased, limited, or focused discovery on any particular issue is needed.

The parties anticipate that discovery will be needed from the 2008 – 2021 time period. Additional testing of the product and colorant is needed. There are numerous fact witnesses and parties with knowledge that will need to be subpoenaed and/ or deposed.  This includes current and former employees of Ceme-Tube, Chroma, customers, third-party distributors and at least 4 outside manufacturers.

5.      **Electronically Stored Information.**

The parties agree to produce documents in accordance with Fed. R. Civ. P. 34(b)(2)(E) and agree that electronic evidence will initially be produced in either paper or PDF form.  If one party requests information in a form other than paper or PDF, the parties will discuss cost-sharing. The parties will take all reasonably necessary steps to preserve ESI from alteration or destruction.

6.      **Work Product and Claims of Privilege.**

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information.  The parties agree that any documents in

any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within 10 days after the producing party's discovery that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information in any way, in the prosecution or defense of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection based upon the inadvertent production: however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege.

**7.     Confidentiality.**

The parties do not anticipate any disputes concerning confidentiality or claims of privilege. To the extent any such dispute arises, Fed. R. Civ. P. 26(b)(5) shall control.

**8.     Changes to Limitations on Discovery Imposed by Federal Rules.**

The parties anticipate changes to the limitations on discovery imposed by the Federal Rules and the parties have agreed to discuss any such changes that arise during the course of discovery. The parties will attempt to resolve any discovery disputes before involving the Court.

**9.     Orders.**

The parties do not presently contemplate any orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure and the Local Rules may be filed as the case dictates.

**10.    Jurisdiction and Venue.**

This Court has original subject matter jurisdiction over the claims of the Plaintiff pursuant to 28 U.S.C. § 1332(a)(2). The parties agree that the Western District of Wisconsin is the appropriate venue for this case.

**11.    Electronic Service.**

The parties hereby consent in writing that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(e) and that such services shall be deemed complete upon transmission, provided that the serving party does not learn that it did not reach the person to be served.

**12.    Proposed Discovery Plan.**

The parties propose the following deadlines for the Court's consideration. Except for the trial dates, any dates may be amended by stipulation of the parties.

- The parties to amend pleadings on or before April 17, 2023;
- Fact discovery to be completed on or before January 17, 2024;
- Preliminary lay witness lists to be filed on or before February 19, 2024;
- Plaintiff to name experts and disclose reports on or before February 19, 2024;
- Defendant to name experts and disclose reports on or before May 17, 2024;
- Plaintiff to disclose rebuttal reports on or before July 1, 2024;
- Expert discovery to be completed on or before July 14, 2024; and
- Dispositive motions must be filed and served on or before August 16, 2024.

Dated this 28th day of February, 2023.

Respectfully Submitted:

| Lommen Abdo, P.A. | Chapin & Associates |
|---|---|
| /s/ Kathleen M. Loucks | /s/ Paul C. Werkowski |
| Kathleen M. Loucks | Paul C. Werkowski |
| WSB #1099975 | WSB #1035362 |
| 920 Second Avenue South, Suite 1000 | 13935 Bishop's Drive, Suite 250 |
| Minneapolis, MN 55402 | Brookfield, WI 53005 |
| Phone: (612) 336-9348 | Phone: (262) 825-9293 |
| Fax: (612) 436-1477 | Fax: (855) 822-9376 |
| kloucks@lommen.com | pwerkows@travelers.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |