IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CEME-TUBE LLC,

                    Plaintiff,                                    OPINION AND ORDER

          v.                                                       22-cv-703-wmc

CHROMA COLOR CORPORATION, *et al.*,

                    Defendants and Crossclaimants.

In this contract dispute, defendant State Automobile Mutual Insurance Company moves to dismiss defendant Chroma Color Corporation's crossclaims for breach of contract and "bad faith insurance."  The court will deny the motion because Chroma Color has sufficiently alleged a breach of State Auto's duties to provide an unqualified defense and to act without bad faith.  Indeed, while it may be too early to resolve Chroma Color's crossclaims, it was State Auto who teed up Chroma Color's crossclaim for breach of duty to indemnify by first crossclaiming itself for a declaration that it did not have such a duty.

FACTUAL ALLEGATIONS[1]

**A. Background**

Plaintiff Ceme-Tube is a Wisconsin limited liability company whose sole member is domiciled in Wisconsin.  Ceme-Tube manufactures plastic forms that can be filled with cement and used as the base of light posts or bollards.  Defendant Chroma Color, a North Carolina corporation with its principal place of business in Illinois, is a supplier of specialty

---

[1] Unless otherwise noted, the factual allegations are drawn from Chroma Color's amended complaint (dkt. #16) and the parties' respective crossclaims.  (Dkt. ## 32, 89.)

color concentrates for industrial and commercial settings. Defendant State Auto is an Ohio insurance company.

In April 2023, Ceme-Tube filed an amended complaint against Chroma Color, State Auto, and several of its other alleged insurers, claiming negligence, breach of implied warranty of merchantability and fitness, and breach of express warranty. More specifically, Ceme-Tube alleges that Chroma Color promised that its ultraviolet light protection concentrate would last for ten years, when it allegedly deteriorated more quickly.

## B. The Insurance Policies and Parties' Crossclaims

From February 2007 to February 2015, State Auto issued a series of business insurance policies to Chroma Corporation. (Dkt. #70-1 to #70-9.) According to the insurance agreement, State Auto would "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Insurance Policy (dkt. #70-9) 149.)[2] Among other requirements, the policy only applied to "property damage" caused by an "occurrence" during the policy period. (*Id.*) The policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at 160.)

State Auto asserted a crossclaim against Chroma Color in June 2023, seeking a declaratory judgment that its policies do not provide coverage for any of Ceme-Tube's claims, and even if the policies did provide coverage, it is barred by certain of the policies' express exclusions. Because other insurance companies issued policies to Chroma Color

---

[2] The court uses this policy as an example, as State Auto represents that it is materially identical to the other policies. (State Auto Br. (dkt. #92) 5 n.3.)

for the period at issue in this action, State Auto alternatively alleges that any arguable coverage, defense and indemnity obligations it may have should be shared by those companies.

Chroma Color filed its first amended crossclaim several months later,[3] alleging claims for declaratory judgment, breach of contract, and "insurance bad faith" against State Auto.

OPINION

The court construes Chroma Color's crossclaim as alleging breaches of State Auto's duty to: (1) defend Chroma Color in the Ceme-Tube litigation fully and without qualification; (2) indemnify Chroma Color; and (3) act without bad faith by taking an unreasonable coverage position and delaying its designation of defense counsel.  The court addresses the adequacy of those claims below.

State Auto moves to dismiss Chroma Color's breach of duty and bad faith crossclaims on the grounds that:  it *is* conditionally defending Chroma Color; Chroma Color currently has no liability requiring indemnification; and its coverage defenses are at least fairly debatable.  In response, Chroma Color argues that it has adequately pleaded its crossclaims.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[3] Chroma Color initially filed its crossclaim in September 2023 (dkt. #59), but more recently, this court granted its motion to amend the crossclaim, teeing up Chroma Color's motion to dismiss. (Dkt. #87.)

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to the non-movant.  *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 755 (7th Cir. 2006).  However, the court need not accept a party's legal conclusions, and a party cannot defeat a motion to dismiss with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In Wisconsin,[4] the standard commercial general liability policy recognizes two, general but separate insurer obligations: a duty to defend and a duty to indemnify the insured against damages or losses.  *Water Well Solns. Serv. Grp., Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶ 14, 369 Wis. 2d 607, 881 N.W.2d 285.  "The duty to defend arises when an insurer is served with a complaint that alleges facts that, if proven, would constitute a covered claim or when an insured who is served with a complaint alleging a covered claim tenders the defense to its insurer."  *Choinsky v. Emps. Ins. Co. of Wausau*, 2020 WI 13, ¶ 16, 390 Wis. 2d 209, 938 N.W.2d 548 (quotation marks omitted).  When an insurer contests its contractual obligation to indemnify an insured, it may, among other options, "provide a defense to the insured on the merits, under a reservation of rights, until the coverage issue is resolved."  *Est. of Sustache v. Am. Fam. Mut. Ins. Co.*, 2008 WI 87, ¶ 25, 311 Wis.

---

[4] Since neither party raises a conflict-of-law issue, this court applies Wisconsin law as the forum state.  *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002).

2d 548, 751 N.W.2d 845; *see also Choinsky*, 2020 WI 13, ¶ 17 (listing "judicially preferred procedures" for when insurers and insureds disagree whether a complaint alleges covered claims, including "[d]efend under a reservation of rights but seek a declaratory judgment on coverage").

Even so, Chroma Color has adequately pleaded a breach of State Auto's duty to defend.  Specifically, Chroma Color alleges that it timely issued its notice of loss and tendered its claim to State Auto regarding Ceme-Tube's lawsuit in February 2023, and State Auto's issued policy covered Ceme-Tube's claims.  (Chroma Am. Cross-cl. (dkt. #89) ¶¶ 12, 28-31.)  Next, Chroma Color alleges that State Auto waited five months to appoint counsel, which delayed its defense and prejudiced it.  (*Id.* ¶¶ 17, 21.)  To be sure, Chroma Color alleges that State Auto *is* now defending it in the underlying suit by Ceme-Tube, albeit under a reservation of rights (*id.* ¶ 24), which is one of the Wisconsin Supreme Court's preferred approaches when the insurer and insured disagree whether a claim is covered.  *Choinsky*, 2020 WI 13, ¶ 17.  Based on Chroma Color's allegations, however, State Auto at least arguably breached its duty to defend by waiting five months to appoint Chroma Color independent counsel.[5]  *See id.* ¶ 3 (insurer does not breach its duty to defend when it "*promptly proceeds* with one of our judicially preferred methods for determining

---

[5] State Auto's reliance on preferred procedures for ripening defense and coverage issues under Wisconsin law is curious, since those procedures would call for its moving for a stay and an expedited ruling on its declaratory judgment claim.  Although this court generally will not grant a stay of the underlying action, especially one coming so late in the proceedings, it might consider a fully briefed motion to expedite, including a robust showing of *no* coverage.  State Auto's apparent attempt to ripen that issue without full briefing by moving to dismiss Chroma Color's mirror image crossclaims is, at best, ill-advised.

coverage" (emphasis added)). Moreover, there is also a possible injury to Chroma Color if State Auto lacked a good faith basis to reserve coverage, especially since it is operating under threat of State Auto seeking to recoup its defense costs if there is no coverage obligation. (Am. Cross-cl. (dkt. #89) ¶ 24.)[6]

Next, "[t]he duty to indemnify . . . arises when a claim is shown to be within the parameters of the terms of the policy, that is the claim is within the parameters of the policy *and* the insured is adjudged liable." *Reid v. Benz*, 2001 WI 106, ¶ 19, 245 Wis. 2d 658, 629 N.W.2d 262 (emphasis original). State Auto is correct that Chroma Color has not yet been adjudged liable in the underlying litigation, but State Auto already put that question at issue by crossclaiming for declaratory judgment that it owes *no* obligation of coverage, defense or indemnity. (State Auto Cross-cl. (dkt. #32) 14.) Since the court will ultimately have to decide State Auto's claim that it has no duty to indemnify Chroma Color, that is hardly reason to dismiss Chroma Color's mirror image claim for the opposite ruling. *See General Cas. Co. of Wis. v. Hills*, 209 Wis. 2d 167, 176 n.11, 561 N.W.2d 718 (1997) ("the duty to indemnify issue must await resolution of the [underlying] claim").

This leaves Chroma Color's remaining allegations of bad faith. A bad faith claim in the insurance context "is a tort separate and apart from a breach of contract *per se,*" giving rise to a separate claim for damages. *Anderson v. Cont'l Ins. Co.,* 85 Wis.2d 675, 686, 271 N.W.2d 368 (1978). To establish a bad faith claim, a party must show "the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or

---

[6] Whether an insurer can obtain reimbursement for defense costs for claims outside the policy coverage is an open question under Wisconsin law. *Hanover Ins. Co. v. BMOC, Inc.*, No. 18-CV-325-WMC, 2019 WL 949215, at *6 (W.D. Wis. Feb. 27, 2019).

reckless disregard of the lack of a reasonable basis for denying the claim." *Advance Cable Co., LLC v. Cincinnati Ins. Co.,* 788 F.3d 743, 748 (7th Cir. 2015) (quoting *Brethorst v. Allstate Property and Cas. Ins. Co.*, 2011 WI 41, 334 Wis. 2d 23, 798 N.W.2d 467 (2011). The second part of the test is "subjective and calls for an examination of whether the insurer knew or should have known that it had no reasonable basis to deny the claim." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 595 (7th Cir. 2012).

Here, Chroma Color has also adequately alleged a bad faith crossclaim.  First, it alleges no reasonable justification exists for State Auto to provide a qualified defense or deny coverage.  (Chroma Color Am. Cross-cl. (dkt. #89) ¶ 48.)  Second, it asserts that State Auto knew or should have known that Ceme-Tube's complaint alleges "property damage" resulting from an occurrence and that the policy exclusions did not apply.  (*Id.* ¶¶ 59-61.)  Chroma Color further asserts that State Auto knew or should have known that its planned crossclaim against all defendants would create a conflict of interest, prohibiting a shared counsel arrangement with another defendant-insurer.[7]  (*Id.* ¶ 62.)  Also, State Auto's argument that its coverage defenses are "fairly debatable" is underdeveloped, as it offers little more than a bare assertion that it is "fairly debatable" whether Ceme-Tube's claims involve "property damage" caused by an "occurrence" that happened during the policy periods.  (State Auto Br. (dkt. #92) 19-20.)

In short, Chroma Color has adequately alleged its claims, even if its breach of duty to indemnify claim may be premature *to resolve* right now.  Also, dismissing Chroma Color's

---

[7] State Auto argues that Chroma Color misrepresents its coverage correspondence about the effect of a recent Wisconsin Supreme Court decision (State Auto br. (dkt. #92) 16-17), but Chroma Color has otherwise stated a bad faith claim, so the court need not address that dispute now.

crossclaims would serve little purpose other than delay, as Chroma Color would presumably later raise its claims if the court concluded that State Auto's policies covered Ceme-Tube's claims.

Accordingly, the court will address the parties' dueling crossclaims at a later stage in the litigation when it has the benefit of full briefing and evidence.

ORDER

IT IS ORDERED that State Auto's motion to dismiss is DENIED.  (Dkt. #91.)

Entered this 5th day of April, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

8